On Second Rehearing.
 

 ROGERS, Justice.
 

 We granted a second rehearing in thw case for the limited purpose of reviewing the decree entered on the first rehearing. In the decree we set aside our original judgment in favor of plaintiffs, holding defendant liable for the entire indebtedness sued for, and substituted therefor a judgment in favor of plaintiffs holding defendant liable for only a portion of the indebtedness sued for, ordering that plaintiffs’ vendors’ lien and mortgage be recognized and enforced, and that the judgment be paid by preference out of the proceeds of the sale of the property.
 

 Plaintiffs contend that the latter portion of our decree is ambiguous and máy be
 
 *71
 
 construed so as to permit the defendant to compete with them in the proceeds of the sale of the mortgaged property. We had no such intention in framing our decree.
 

 As shown by our opinion, the defendant Weiss was not held liable under his assumption of the Dessalles mortgage notes, but he was held liable under the written extension agreements he entered into directly with the Moriartys, the plaintiffs. The written agreements, founded on adequate consideration, constituted new and independent contracts between the parties. The effect of the agreements was to bind Weiss as a primary obligor to pay the Moriartys the amount of the two matured mortgage notes, the accrued interest on the entire mortgage indebtedness, interest and attorney’s fees. There is nothing in the language or in the contents of the extension agreements that limits the liability assumed by Weiss. His obligation is to pay without qualification the indebtedness incurred by him in favor of the Moriartys.
 

 It is not the province of the court to alter by construction or'to make new contracts for the parties. The duty of the court is confined to the interpretation of the agreements the parties have made for themselves, and, in the absence of any ground for denying enforcement, to give effect to' the agreements as made. We can find no ground for refusing to enforce the extension agreements as written. This means, of course, that the personal judgment in favor of the Moriartys and against Weiss cannot be satisfied. out of the proceeds of the sale of the mortgaged property in preference to or in competition with their claim under the mortgage. This does not mean, however, that if the proceeds of the sale of the mortgaged property should be sufficient ,or nearly sufficient to discharge the mortgage indebtedness due the Moriartys, Weiss should not benefit by that circumstance. We shall recast the judgment in line with these views.
 

 For the reasons assigned, the judgment of the district court is set aside and it is now ordered that there be judgment in favor of plaintiffs and against the defendant Sol Weiss, in the sum of seven thousand dollars ($7,000), with interest thereon at the rate of 7% per annum from May 28, 1932, until paid, plus 5% on the amount of the principal and interest as attorney’s fees, and for the additional sum of Two thousand and nine dollars ($2,009), with 5% per annum interest thereon from May 28, 1932 until paid.
 

 It is further ordered that plaintiffs’ vendors’ lien and mortgage recorded in Book 1391, folio 495, in the Office of the Recorder of Mortgages for the Parish of Orleans be recognized and enforced, and that the claim of the plaintiffs arising from the vendors’ lien and mortgage held by them be paid by preference and priority over all other claims out of the proceeds of the sale of the mortgaged property.
 

 It is further ordered, that if the amount realized by plaintiffs under the judgment against Sol Weiss added to the amount realized by plaintiffs under the foreclosure sale of the mortgaged property shall exceed the sum of the indebtedness due plaintiffs under the notes and mortgage held by
 
 *73
 
 them, the excess or overplus shall be paid or returned to Weiss.
 

 All costs of this proceeding are to be paid by Sol Weiss. The right to apply for a rehearing is reserved to all the parties.
 

 HIGGINS and FOURNET, JJ., concur in the decree.
 

 O’NIELL, C. J.,
 

 adheres to the original opinion which he handed down on May 29, 1939, and to the dissenting opinion which he handed down on January 9, 1940, on the first rehearing.